IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| KAYLA LANIER,<br><br>  Plaintiff,<br><br>v.<br><br>HEALOGICS LLC,<br><br>  Defendant. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW, ("Plaintiff" or "Ms. Lanier"), by and through her undersigned counsel, and files this, her Complaint, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant Healogics LLC ("Defendant") for violations of her rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et. seq.

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, and 29 U.S.C. § 2617(a).

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## PARTIES

4.

Plaintiff is a female citizen of the United States of America and is subject to the jurisdiction of this Court.

5.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

6.

Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq.*, in that they had been employed with Defendant for more than 12 months and worked more than 1250 hours in the 12 months preceding her request

for FMLA.During all times relevant hereto, Defendant has employed fifty or more employees, within a 75-mile radius of Plaintiff's employment, for the requisite requirements under the FMLA.

7.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

## **FACTUAL ALLEGATIONS**

8.

Plaintiff began working for Defendant on or about March 7, 2016, as a Clinical Nurse Manager.

9.

On January 4, 2023, the Plaintiff's mother passed away. During the wake for her mother, she informed the Defendant she was unaware when she would return to work, as she needed to make arrangements for her father.

10.

On January 10, 2023, she filed for FMLA.

11.

The Plaintiff was unsure how long she would need for leave, thus she informed HR she would take the entire twelve (12) week FMLA leave time allotted.

12.

The Defendant had the Plaintiff's start date for leave noted as January 17, 2023.

13.

On January 27, 2023, the Plaintiff spoke with HR Specialist, Julianne Scalzo, to inform her the dates listed are incorrect. Ms. Scalzo told her the dates were just estimates.

14.

On January 31, 2023, the Plaintiff spoke with Ms. Scalzo about possibly returning in February; she told the Plaintiff to contact FMLA.

15.

On February 2, 2023, Ms. Scalzo emailed the Plaintiff to inform her she received the FMLA documentation; however, the dates were still listed incorrectly, having her returning January 31, 2023.

16.

On February 13, 2023, the Plaintiff contacted FMLA and informed them the physician had not received the paperwork to be completed on behalf of the Plaintiff.

17.

On February 14, 2023, the Plaintiff received communication from FMLA stating her paperwork was emailed to her on January 20, 2023. They requested she update the physician's fax number and they would fax over the documentation. Once they receive the documentation back, they would begin processing her leave.

18.

On February 15, 2023, Ms. Scalzo emailed her the return-to-work authorization she would need to submit prior to returning to work.

19.

On February 21, 2023, HR Business Partner, Ja'Kia Rucker, emailed the Plaintiff to inform her they had not received any updated information regarding her leave request; she would receive an email by the end of the day regarding her status with the company and to text Ms. Scalzo at her earliest convenience.

20.

That same day, Ms. Scalzo emailed the Plaintiff to see if she was in contact with FMLA, as they still had not received her documentation.

21.

On March 3, 2023, the Plaintiff received an email from Director, Christina Wild, stating she had been terminated.

22.

The reason for termination was that the documentation provided by FMLA still had the dates for her leave listed incorrectly, although the Plaintiff was in constant communication during this entire time.

23.

On March 10, 2023, the Plaintiff emailed Ms. Wild to follow up on her termination, as she told the Plaintiff she would escalate it to upper management. Ms. Wild replied the same day, stating that she did not return to work on February 27, 2023 and there was no communication from her until March 3, 2023. She further stated the documentation from the physician received on March 6th did not support any portion of her leave from January 5th until February 24th, thus the decision of termination is final.

24.

On March 20, 2023, the Plaintiff emailed FMLA stating that she received an email confirming receipt of the documentation and requested an update on the status of processing.

25.

FMLA replied the next day and informed the Plaintiff that the records received on March 6th were already processed and a decision letter was issued the same day. The paperwork certified her leave for the dates of December 20, 2022, through January 4, 2023. They informed her the physician would need to amend the dates to what she requested, and they could still accept the paperwork per the Defendant's late paperwork policy.

26.

On April 10, 2023, the Plaintiff received an email from FMLA which still had the incorrect dates, thus her claim had been denied. They asked her to confirm the correct dates for her leave.

27.

On April 12, 2023, the Plaintiff received an email from FMLA stating her leave request was revised for the dates of January 17, 2023- April 11, 2023, and to have the physician complete and return the forms.

28.

On July 13, 2023, Ms. Rucker emailed the Plaintiff separation information.

29.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text. Defendant interfered with Plaintiff's rights under the Family and Medical Leave Act by terminating her employment while they was on medical leave for her own serious health condition.

30.

Defendant retaliated against Plaintiff for requesting medical leave by terminating her employment as a result of needing FMLA leave.

31.

Others outside the Plaintiff's protected class, i.e. employees not needing and/or requesting FMLA leave, were treated differently.

## CLAIMS FOR RELIEF

## COUNT I:  FMLA INTERFERENCE

32.

Plaintiff re-alleges paragraphs 8-31 as if set forth fully herein.

33.

Defendant is an 'employer' as defined by the FMLA.

34.

Plaintiff was an eligible employee under the FMLA.

35.

Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding her request for medical leave pursuant to the FMLA.

36.

Plaintiff was employed by Defendant for more than 12 months.

37.

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

38.

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

39.

Plaintiff had a relative with a serious medical condition that required her to care for him, and take time off work.

40.

Plaintiff's father had a serious medical condition as defined by the FMLA.

41.

Defendant received notice of Plaintiff's need for protected medical leave to care for her father on or about January 10, 2023.

42.

Despire Plaintiff being in constant contact with Defendant regarding her FMLA leave and FMLA certification paperwork, Defendant terminated Plaintiff even though Plaintiff was working diligently to provide correct FMLA paperwork to Defendant.

43.

Defendant terminated Plaintiff's employment as a result of her requests for medical leave, and/or to avoid having to accommodate Plaintiff's respective rights to protected medical leave.

44.

Defendant interfered with rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

45.

The effect of Defendant's actions has been to deprive Plaintiff of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due to her solely because of her right to leave under the FMLA.

46.

As a result, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) – including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

## **COUNT II:  FMLA RETALIATION**

47.

Plaintiff re-alleges paragraphs 8-31 as if set forth fully herein.

48.

Defendant is an 'employer' as defined by the FMLA.

49.

Plaintiff was an eligible employee under the FMLA.

50.

Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding her request for medical leave pursuant to the FMLA.

51.

Plaintiff was employed by Defendant for more than 12 months.

52.

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

53.

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

54.

Plaintiff's family member had a serious medical condition that required Plaintiff to take time off work.

55.

Plaintiff's father had a serious medical condition as defined by the FMLA.

56.

Defendant received notice of Plaintiff's need for protected medical leave for her medical condition on or about January 10, 2023.

57.

Defendant terminated Plaintiff's employment because of her request for medical leave, and/or to avoid having to accommodate Plaintiff's respective rights to protected medical leave.

58.

Defendant's termination of Plaintiff's employment was causally related to her attempt to exercise her rights to protected medical leave pursuant to the FMLA.

59.

Defendant's termination of Plaintiff's employment for alleged policy violations constitutes unlawful retaliation against Plaintiff for her attempt to exercise her rights to protected medical leave under the FMLA, in violation of 29 U.S.C. §2615(a).

60.

As a direct and proximate result of Defendant's unlawful retaliation against Plaintiff, Plaintiff has been damaged and is entitled to the relief set forth in the Prayer for Relief below.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(b) Reasonable attorney's fees and expenses of litigation;

(c) Trial by jury as to all issues;

(d) Prejudgment interest at the rate allowed by law;

(e) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights; and

(f) All other relief to which she may be entitled.

Respectfully submitted this 7th day of December, 2023.

**BARRETT & FARAHANY**

s/ *Matthew C. Billips*
Matthew C. Billips
Georgia Bar No. 057110
Victoria Williamson
(*Pro Hac Vice To Be Filed*)

*Counsel for Plaintiff Kayla Lanier*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
matthew@justiceatwork.com
victoria@justiceatwork.com